In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2760

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ANTHONY A. OUSLEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 10-CR-10044—**James E. Shadid**, *Chief Judge.*

ARGUED SEPTEMBER 20, 2012—DECIDED OCTOBER 22, 2012

Before EASTERBROOK, *Chief Judge*, and MANION and TINDER, *Circuit Judges.*

MANION, *Circuit Judge.* Anthony A. Ousley has an extensive history of peddling illegal drugs. Caught dealing drugs yet again, Ousley was convicted of four felonies, including one count of possession of more than 50 grams of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On that count, the district court imposed a mandatory life sentence pursu-

ant to 21 U.S.C. § 841(b)(1)(A). On appeal, Ousley contends that the Eighth Amendment's prohibition against cruel and unusual punishments precludes a mandatory life sentence for dealers who possess a smaller quantity of crack cocaine than the quantity of powder cocaine necessary to trigger a similar sentence for powder cocaine dealers. We affirm.

## I. Background

Prior to committing the offense giving rise to this appeal, Ousley amassed five felony drug convictions. His most recent encounter with law enforcement occurred on March 18, 2010, when he sold 13.4 grams of crack cocaine to a police informant. As Ousley departed the scene of the transaction, police officers attempted to stop him. Ousley initially eluded the officers and then abandoned his vehicle. His evasive maneuvers proved fruitless, however, as officers soon apprehended him. Thereafter, officers searched his apartment and discovered 579 grams of crack cocaine and a number of firearms.

Ultimately, a grand jury indicted Ousley for one count of distribution of more than 5 grams of crack cocaine, in violation of § 841(a)(1); one count of possession of more than 50 grams of crack cocaine with the intent to distribute, in violation of § 841(a)(1); one count of possession of a firearm in furtherance of a federal crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and one count of felony possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to 21 U.S.C. § 851, the government filed an information expressing its intent to

seek an enhanced sentence based on Ousley's prior felony drug convictions.

Ousley pleaded not guilty. At trial, a jury found Ousley guilty on all counts. By special verdict, the jury also found that Ousley's possession-with-intent-to-distribute offense involved 579 grams of crack cocaine. Because Ousley had at least two prior drug felonies and possessed more than 50 grams of crack cocaine that he had intended to distribute, § 841(b)(1)(A) required a sentence of life imprisonment on the possession-with-intent-to-distribute count.[1] At sentencing, Ousley's counsel acknowledged that a mandatory life sentence applied, but argued that incarcerating Ousley for life would be expensive. Counsel also observed that deterrence does not appear to be working, that the prisons do not appear to be rehabilitating, and that Ousley may not be a threat to society when he is older.

Recognizing that these arguments were futile in light of § 841(b)(1)(A)'s mandate,[2] the district court sentenced Ousley to life imprisonment on the possession-with-intent-

---

[1] After Ousley committed the offense, but before he was sentenced, Congress enacted the Fair Sentencing Act of 2010. That Act raised the amount of crack cocaine needed to trigger a mandatory life sentence to 280 grams. 21 U.S.C. § 841(b)(1)(A)(iii) (2010). This change does not help Ousley because the jury found that he possessed 579 grams of crack cocaine.

[2] Section 841(b)(1)(A) articulates a number of varying mandatory sentences. Ousley challenges the mandatory life sentence which applies to him.

to-distribute count. On the distribution count and felony-firearm-possession count, the district court imposed prison sentences of 360 months to run concurrently with each other and with the life sentence. On the remaining count, namely, possession of a firearm in furtherance of a drug crime, the district court imposed a prison sentence of 60 months to run consecutively to the other sentences.

## II. Discussion

On appeal, Ousley challenges only his mandatory life sentence.[3] He argues that the imposition of a life sentence pursuant to § 841(b)(1)(A) violates the Eighth Amendment's prohibition against cruel and unusual punishments. Ousley's argument relies upon the premise that there is a national consensus against crack and powder cocaine sentencing disparities and on the fact that the statute mandates a life sentence in cases like his. Ousley protests that a mandatory sentence necessarily precludes the sentencing court from performing a particularized assessment of the character and record of the offender to determine whether a life sentence is appropriate. *See Woodson v. North Carolina*, 428 U.S. 280, 302-05 (1976) (invalidating a statute that

---

[3] Because Congress has abolished parole for federal crimes, *see Skowronek v. Brennan*, 896 F.2d 264, 266 (7th Cir. 1990), and specifically has eliminated parole eligibility in § 841(b)(1)(A), Ousley limits his Eighth Amendment challenge to his life sentence for which parole is not available.

mandated the death penalty and did not allow for particularized consideration of the character and record of each offender).

Before discussing Ousley's argument, we address the government's contention that Ousley forfeited his argument by failing to raise it at sentencing. When a defendant fails to raise an Eighth Amendment claim before the sentencing court, he forfeits that claim. *United States v. Carraway*, 612 F.3d 642, 646 (7th Cir. 2010). Here, Ousley did not specifically cite the Eighth Amendment or expressly argue that a life sentence would be cruel and unusual. Ousley contends, however, that his trial counsel raised the Eighth Amendment by discussing concerns commonly cited in opposition to mandatory life sentences. *See Graham v. Florida*, 130 S. Ct. 2011, 2028-30 (2010) (noting that life sentences without parole are severe and strip juvenile defendants of the opportunity to demonstrate growth and maturity, and finding that deterrence and rehabilitation are not adequate justifications for imposing such sentences on juveniles).

"To preserve an issue for appellate review, a party must make a timely and specific objection, in order that he or she might alert the court and the opposing party as to the specific grounds for the objection . . . ." *United States v. Harris*, 271 F.3d 690, 700 (7th Cir. 2001). Remarks generally alluding to the expense of imprisonment, the viability of deterrence and rehabilitation, and the probability that the defendant may cease to be a menace to society at some future date are concerns implicated

by nearly every lengthy prison sentence. Without more, these generalities do not sufficiently apprise a sentencing court that the defendant is raising an Eighth Amendment challenge. Consequently, Ousley forfeited his Eighth Amendment claim, and our review is for plain error. *Carraway*, 612 F.3d at 646.

There is no error, plain or otherwise, because Supreme Court precedent, as well as our own precedent, forecloses Ousley's Eighth Amendment challenge. In *Harmelin v. Michigan*, the Supreme Court held that a mandatory life sentence for possession of 672 grams of cocaine does not constitute cruel and unusual punishment within the meaning of the Eighth Amendment. 501 U.S. 957, 994-96 (1991). *Harmelin* expressly rejected the contention that the "mandatory" nature of a life sentence somehow makes it cruel and unusual. *Id.* 994-95. Thus, *Harmelin* declined to adopt an Eighth Amendment requirement that a life sentence be attended by particularized consideration of the offender's character and record. *Id.* at 995-96. Additionally, the Supreme Court has rejected Eighth Amendment challenges to statutorily mandated life sentences for defendants with prior felony convictions. *See Ewing v. California*, 538 U.S. 11, 25 (2003) (upholding California's "three-strikes" law); *cf. Lockyer v. Andrade*, 538 U.S. 63 (2003). In line with such precedent, we have repeatedly upheld mandatory life sentences imposed pursuant to § 841(b)(1)(A) against Eighth Amendment challenges. *See*, *e.g.*, *Carraway*, 612 F.3d at 644, 646; *United States v. Strahan*, 565 F.3d 1047, 1052-53 (7th Cir. 2009).

Ousley questions the continued vitality of these decisions in light of the Supreme Court's recent *Graham* decision addressing the constitutionality of sentencing a juvenile to life without parole for a non-homicide crime. Before *Graham*, the Supreme Court had adopted categorical rules prohibiting death sentences for certain types of crimes or offenders. *See, e.g.*, *Kennedy v. Louisiana*, 554 U.S. 407, 413 (2008) (rape of a child under twelve years of age); *Roper v. Simmons*, 543 U.S. 551, 578 (2005) (execution of juvenile offenders); *Atkins v. Virginia*, 536 U.S. 304, 321 (2002) (execution of mentally retarded criminals); *Coker v. Georgia*, 433 U.S. 584, 592 (1977) (rape of an adult woman). In *Graham*, the Supreme Court held that sentencing a juvenile to life without parole for a non-homicide crime constitutes cruel and unusual punishment. 130 S. Ct. at 2030; *see also Miller v. Alabama*, 132 S. Ct. 2455, 2475 (2012) (extending *Graham* to juvenile murderers). Thus, *Graham* is the first instance wherein the Supreme Court endorsed a categorical prohibition on a non-capital sentence—life without parole—for a certain type of offender—juveniles.

Ousley argues that *Graham* relieves us of our obligation to follow *Harmelin*, *Ewing*, and our decisions rejecting Eighth Amendment challenges to life sentences imposed pursuant to § 841(b)(1)(A). According to Ousley, *Graham* empowers us to consider in the first instance whether to adopt a categorical prohibition on mandatory life sentences without parole for crack cocaine dealers who possess an amount of crack cocaine less than the amount of powder cocaine necessary to trigger a mandatory life sentence for powder cocaine

dealers. Ousley urges us to embrace this categorical rule based on the purported national consensus against crack and powder cocaine sentencing disparities.

Congress has addressed any national consensus issue in the Fair Sentencing Act.[4] And this court recently held that *Graham* and *Miller* do not abrogate *Harmelin*. *United States v. Cephus*, 684 F.3d 703, 709 (7th Cir. 2012) ("Neither opinion overrules *Harmelin*; both, indeed, distinguish it explicitly. Our defendants were not juveniles and their crimes were more serious than the crime in *Harmelin*."). Moreover, "[e]ven if we thought *Harmelin* inconsistent with *Graham* and *Miller* and likely to be overruled, the Supreme Court has . . . told the lower courts in no uncertain terms to leave the overruling of its precedents to it." *Id.*

Therefore, we conclude that *Harmelin*, *Ewing*, and our precedent unmistakably foreclose Ousley's Eighth Amendment challenge to § 841(b)(1)(A). The district court did not commit legal error—much less plain error.

---

[4] In enacting the Fair Sentencing Act of 2010, Congress recently addressed the disparity between crack cocaine and powder cocaine sentences. *See Dorsey v. United States*, 132 S. Ct. 2321, 2328-29 (2012). Congress chose to retain—though significantly decrease—the disparity. *Id.* Ousley's possession of 579 grams of crack cocaine far exceeds the new minimum of 280 grams, which for now represents the consensus of the citizenry, expressed through Congress.

### III. Conclusion

For the foregoing reasons, Ousley's life sentence is AFFIRMED.